```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
ANDY RAMOS,
                    Plaintiff,         11 Civ. 423 (JGK)

         - against -                   MEMORANDUM OPINION AND
                                       ORDER
CAPTAIN MERCED, ET AL.,

                    Defendant.
────────────────────────────────────────
```

JOHN G. KOELTL, District Judge:

The telephone conference that was scheduled for today has been adjourned sine die.

The Court has received the attached letter, which it forwards to the Plaintiff.

The defendant asserts that the plaintiff is no longer incarcerated, and that the plaintiff has failed to update the Court or the defendant with his contact information.

"The case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute." Laney v. Ramirez, No. 10 Civ. 9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (collecting cases); see generally LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) [of the Federal Rules of Civil Procedure] also gives the district court authority to dismiss a plaintiff's case . . . for failure to prosecute.").

The plaintiff should provide the Court with an update as to his address by April 17, 2012. If the plaintiff fails to update his address by that time or otherwise explain his failure to update his address, the plaintiff's case will be dismissed without prejudice for failure to prosecute.

SO ORDERED.

Dated:   New York, New York
         March 29, 2011

　　　　　　　　　　　　　　　　　　　　／s／ John G. Koeltl
　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　United States District Judge




MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOSEPH A. MARUTOLLO
Assistant Corporation Counsel
Tel: (212) 788-1300
Fax: (212) 788-9776
jmarutol@law.nyc.gov

March 23, 2012

**BY HAND**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: Andy Ramos v. Captain Merced, et al.
             11-cv-423 (JGK)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, attorney for interested party City of New York (hereinafter "the City").[1] The City respectfully requests an adjournment of the March 29, 2012 telephone conference *sine die* because plaintiff has not updated his contact information. As such, City defendants respectfully request that plaintiff be compelled to update his address on the Civil Docket Sheet by a date certain on pain of sanctions, including but not limited to dismissal, pursuant to Fed. R. Civ. P. 41(b).

        On March 20, 2012, the Court ordered that "[t]he parties are directed to appear for a telephone conference on Thursday, March 29, 2012 at 10:00 am. The facility where the plaintiff is held shall make the plaintiff available for the conference." (Court order, filed March 20, 2012, Docket Entry No. 11).[2] Upon information and belief, however, plaintiff is no longer in

---

[1] According to a review of the civil docket sheet in this matter, "the New York City Board of Correction" and the individual identified as Captain Merced have not yet been served with process and therefore, are not yet parties to this action.

[2] It should be noted that Your Honor's law clerk indicated to the undersigned that this conference was ordered by the Court, and not as a the result of any inquiry from plaintiff.

any facility and was released from New York City Department of Correction custody on November 11, 2011.[3]

Courts in this Circuit have repeatedly held that a plaintiff has an obligation to keep the court aware of a changed address. See e.g., Robinson v. United States, No. 03 Civ. 1001 (SCR), 2005 U.S. Dist. LEXIS 27754, at *3-4 (S.D.N.Y. Sept. 8, 2005) (dismissing case for failure to prosecute when plaintiff failed to both maintain contact with defendant or court or advance case in any way);[4] Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 U.S. Dist. LEXIS 3125, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing action for failure to prosecute where plaintiff was "inaccessible" for two months "without notifying the Court, the Government, or the Pro Se Office of a change of address"); Concepcion v. Ross, No. 92 Civ. 770 (ILG), 1997 U.S. Dist. LEXIS 18616, at *3-4 (E.D.N.Y. Oct. 27, 1997) (holding that the responsibility for keeping the court updated as to changes of address under Local Civil Rule 1.3(d) is applicable to a pro se plaintiff). Moreover, the failure to furnish a current address may result in a dismissal with prejudice. See Myvett v. Rosato, No. 03 Civ. 2370 (LAP)(GWG), 2004 U.S. Dist. LEXIS 10952, at *2 (S.D.N.Y. July 20, 2004).

The City respectfully requests that plaintiff be compelled to update his address on the Civil Docket Sheet on pain of sanctions, including but not limited to dismissal for failure to prosecute. As a result of plaintiff's failure to update his address, the City cannot initiate a telephone conference with plaintiff on March 29, 2012 and respectfully request that this conference be adjourned *sine die*. Indeed, as the City cannot contact plaintiff, he has not given his consent to this request. This is the City's first request for an adjournment.

Additionally, should plaintiff update his address, the City respectfully informs the Court that it intends to move for immediate dismissal of the complaint due to the settlement agreement the parties entered into in Andy Ramos v. Captain Merced, et al., 10-cv-8465 (JGK)(GWG). As a condition of settlement, plaintiff signed a general release on October 14, 2011, which stated, *inter alia*, that plaintiff does "hereby release and discharge the City of New York and all of the defendants, and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action from the beginning of the world to the day of the date of this release, including all claims for attorneys' fees, expenses and costs." As such, plaintiff has released all City employees from any liability, claims, or rights of action from the beginning of the world until October 14, 2011. This obviously includes all of the events set forth in plaintiff's complaint in the instant matter, which was filed on January 9, 2011 – over eight months *before* plaintiff executed the general release.

---

[3] Indeed, upon information and belief, plaintiff was arrested again on February 17, 2012, and subsequently released from New York City Department of Correction custody on February 19, 2012.

[4] In accordance with Local Civil Rule 7.2, copies of all electronically published decisions are appended to the copy of this letter served on plaintiff.

2

Settlement agreements and releases are construed according to general principles of contract law and a release that is "clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." Robinson v. Pierce, 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442 *15-16 (S.D.N.Y. Mar. 13, 2012)(finding that general release executed by *pro se* plaintiff barred defendants from any and all liability with regard to a subsequent lawsuit)(internal citations omitted). See also Tromp v. City of N.Y., No. 11-cv-4132, 2012 U.S. App. LEXIS 4823 (2d Cir. Mar. 8, 2012)(affirming district court's dismissal of complaint since it was barred by the stipulation and general release); Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002); Albany Sav. Bank FSB v. Halpin, 117 F.3d 669, 672 (2d Cir. 1997). Accordingly, should this matter proceed, the City will respectfully request the Court's endorsement of a briefing schedule for said motion.

The City thanks the Court for its consideration of this request.

Respectfully submitted,

*/s/ J. Marutollo*

Joseph A. Marutollo
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Andy Ramos, Plaintiff *Pro Se* (By First Class Mail)
#2410901223
GRVC
09-09 Hazen Street
East Elmhurst, NY 11370